REINHARDT, Circuit Judge,
dissenting from the denial of rehearing en banc,
with whom Judges SCHROEDER, PREGERSON, W. FLETCHER, FISHER, PAEZ, and BERZON join:
Rushing to execute Donald Beaty under the circumstances before us is unconscionable. At 4:00 p.m. yesterday, a mere eighteen hours before the State was scheduled to execute him, Arizona announced that, due to concerns about the legality of its importation of the drug constitutionally approved for use in its three-drug protocol, it would switch to a new drug that it had never tested and that its executioners had not been trained to use.
The issue before us is not the substantive one of whether substituting drug A for drug B is “very likely” to cause needless suffering. It is the question of procedural due process: whether an individual may be executed pursuant to a protocol substituted for the established means of execution, eighteen hours before the scheduled time of execution and without sufficient opportunity even to present his constitutional objections.
The last-minute action in this case, unlike those previously condemned by the Supreme Court, was taken by the State not the individual about to be executed. Normally, we count against a condemned man seeking a stay “the extent to which the inmate has delayed unnecessarily in bringing the claim.” Nelson v. Campbell, 541 U.S. 637, 649, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004). The State should be held to a higher standard, not a lower one. The state’s last-minute action serves, whether by design or otherwise, to deprive a capital defendant of a fair opportunity to *1073 contest the constitutionality of the new method of death to be used. Surely, under these circumstances, the condemned individual is entitled to attempt to determine and present to the Court any objections that he may legitimately raise to the new execution protocol hastily introduced by the State.
Due Process demands more. “The fundamental requisite of due process of law is the opportunity to be heard. This right to be heard has little reality or worth unless one is informed that the matter is pending .... ” Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (internal citations omitted). Recently, we observed that “[i]f a court could never look beyond the facial constitutionality of an execution protocol when presented with evidence of improper administration, states could simply adopt constitutionally sufficient protocols similar to Kentucky’s and then flout them without fear of repercussion.” Dickens v. Brewer, 631 F.3d 1139, 1146 (9th Cir.2011). But now Arizona has upped the stakes: Why bother to properly administer a protocol that a court has held is constitutionally sufficient on its face, when you can just discard that protocol and adopt a new one on the eve of the execution? This way, Arizona has ensured itself a way of using a protocol that a court can “never” look at it in any serious fashion, and it can “flout” the requirement for a constitutionally sufficient protocol “without fear of repercussion.”
Beaty has a right to reasonable notice of changes or variations to the mode and manner in which the State plans to carry out his execution in order to review it and ensure that it comports with constitutional requirements. He has a protected interest in knowing and being given an opportunity to be heard about the State’s use of pentobarbital in his execution, in contrast to its protocol in past executions. Were it otherwise, the capital defendant’s due process right to review such protocols would be meaningless.
The panel denied relief because Beaty failed to demonstrate certain factual matters regarding the new protocol. Yet, we cannot fault him for failing to do so in less than a single day. To require such a showing in the eighteen hours before execution is to deny Beaty due process. The Winter v. Natural Resources Defense Council[1] test relied on by the panel cannot apply when a party has not been given an opportunity to make the necessary showing. Here, Beaty was clearly not afforded that opportunity. A stay should be issued in order to allow him to do so.
We err not only by concluding that Beaty will not suffer irreparable injury, a rather odd proposition to say the least, but by failing to recognize that the judicial system itself will as well. This is not the first time there has been a rush to judgment in a capital case, nor the first time there has been an unwillingness to provide due process to a capital defendant. Our conduct in this case, as in others, will certainly weaken even further the diminishing public confidence in the administration of the death penalty.

. 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).